United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN EDWARD VASQUEZ,<br>Plaintiff,<br>v.<br>SUNNYSLOPE COUNTY WATER DISTRICT, et al.,<br>Defendants. | Case No. 26-cv-08698-NW<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 3 |

Before the Court is Plaintiff Johnathan Edward Vasquez's Application to Proceed *In Forma Pauperis*. ECF No. 3. For the reasons discussed below, the motion is GRANTED and the Complaint is SCREENED and DISMISSED WITH LEAVE TO AMEND.

On August 20, 2026, Plaintiff Johnathan Edward Vasquez filed a sprawling complaint with 55 exhibits, spanning almost 550 pages in all. ECF No. 1. The complaint, while quite broad, seems to allege that Defendant Sunnyslope County Water District unlawfully shut off the water at Plaintiff's residence more than four months ago. *Id.* at 1–2. Also on August 20, 2026, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 3.

On August 21, 2026, Plaintiff filed an emergency *ex parte* motion for temporary restraining order and order to show cause related to a red tag on his residence barring occupancy due to a lack of running water. ECF No. 10.

Courts must first review IFP applications and screen the complaint before turning to a motion for a temporary restraining order. 28 U.S.C. § 1915(a)(1), (e)(2). The Court will grant an IFP application if the Court is satisfied that an applicant cannot pay the requisite filing fees. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (quotation

marks omitted); *see also Williams v. Cnty. of Ventura*, 443 F. App'x 232, 233 (9th Cir. 2011) (affirming denial of IFP application when applicant "failed to provide sufficient details concerning his income, assets, and expenditures"). Courts review a well-rounded picture of the applicant's ability to pay the filing fees, including the applicant's sources of income, employment status, expenses, qualifications for government assistance, and access to any other assets.

Here, Plaintiff filed an IFP application on August 20, 2025. In the application, Plaintiff stated that he is self-employed and receives a VA pension. ECF No. 3 at 1–2. He receives $100 per month from his employment and $2,300 per month from his VA pension. *Id.* Plaintiff incurs $500 in monthly expenses for food, and he filed for bankruptcy this year. *Id.* He does not own a home or an automobile, and currently has under $300 in total assets. *Id.* at 2. Given Plaintiff's recent bankruptcy and limited monthly income and assets, the Court finds that Plaintiff cannot pay the requisite filing fee for his complaint. Accordingly, the Court GRANTS Plaintiff's IFP and SCREENS his Complaint.

A federal court must conduct a preliminary screening of any complaint filed by an individual proceeding *in forma pauperis* to ensure that the complaint states a claim, is not frivolous, and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint is subject to dismissal when it fails to comply with the requirements of Rule 8. *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). A complaint that is "needlessly long, or . . . highly repetitious, or confused, or consist[ing] of incomprehensible rambling" violates Rule 8. *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation omitted).

Here, Plaintiff's complaint is unnecessarily voluminous, comprised of 26 single-spaced pages of ambiguous and repetitive allegations with 520 additional pages of exhibits that do not appear to be cited in the complaint. ECF No. 1. Furthermore, the complaint lists so many factual

United States District Court
Northern District of California

allegations and possible causes of action that it fails to put Defendants on notice about the nature of Plaintiff's claims and requested relief. For example, Plaintiff's complaint describes modifications to Defendant Sunnyslope County Water District's rates and related reports, ordinances, and calculations in detail. ECF No. 1 ¶¶ 24–46. But Plaintiff does not clearly explain how those facts give rise to his claims alleging civil rights violations, discrimination, and retaliation against him by Sunnyslope County Water District. ECF No. 1 ¶¶ 81–108. As drafted, Plaintiff's vague and duplicative pleading would deny Defendants the opportunity to clearly and concisely respond to the complaint and assert any applicable defenses. This complaint and any response, would not assist the Court or trier of fact in their evaluation of this action but would instead further confuse the issues. The complaint therefore violates Rule 8.

Accordingly, the Court DISMISSES Plaintiff's complaint with leave to amend. If Plaintiff wants to file an amended complaint, it must be no longer than 20 pages, and Plaintiff must explain his claims in clear and concise language. Plaintiff does not need to attach evidence or exhibits to the amended complaint; it is sufficient to include in the amended complaint "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); Fed. R. Civ. P. 12(b)(6).

As Plaintiff is without representation by a lawyer, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at https://www.cand.uscourts.gov/pro-se-litigants/. Plaintiff may also contact the Federal Pro Se Program for free assistance; he can make an appointment by calling 408-297-1480 or emailing hsong@asianlawalliance.org.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Noël Wise
United States District Judge